UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ROBINHOOD DATA SECURITY LIGITATION | Master File No. 3:21-cv-08906-JD<br><br>**ORDER RE CONSOLIDATION AND INTERIM CLASS COUNSEL** |

Plaintiffs have asked to consolidate the related cases before the Court, and for appointment of interim class counsel. Dkt. No. 15 (Case No. 3:21-cv-09290-JD). The defendant Robinhood entities (Robinhood) do not oppose either request. Dkt. No. 24. Consolidation is ordered. Appointment of interim counsel is denied without prejudice, and a new application may be filed that is consistent with this order.

**CONSOLIDATION OF RELATED CASES**

1. This order applies to these cases:
   a. 3:21-cv-08906-JD
   b. 3:21-cv-09290-JD
   c. 3:22-cv-00224-JD

2. Pursuant to Fed. R. Civ. P. 42(a), the Court consolidates these cases into Case No. 3:21-cv-08906-JD for all pretrial proceedings before this Court. All filings and submissions from here on will be captioned: "*In re Robinhood Data Security Litigation*" under the 3:21-cv-08906-JD case number.

3. If a related action is subsequently filed in or transferred to this District, it will be consolidated into this action for all pretrial purposes. This order will apply to every new related

action, without further order of the Court. A party that objects to consolidation, or to any other provision of this order, may file an application for relief within 14 days after the notice of related case is filed as discussed in Paragraph 8.

4. This order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

5. Pretrial consolidation does not mean that the actions will necessarily be consolidated for trial. That issue will be decided later in the case. It also does not have the effect of making any entity a party in any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

**MASTER DOCKET**

6. The docket in Case No. 3:21-cv-08906-JD will constitute the master docket, and the file in that action will be the master file for every action in the consolidated action.

7. When a pleading applies to some, but not all, of the member actions, the document must list the docket number for each individual action to which the document applies immediately under the master caption. Any document not identified in that way will be presumed to apply to all member cases.

8. The parties must file a notice of related case pursuant to Civil Local Rule 3-12 whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If the Court determines that the case is related, the Clerk of the Court is requested to:

   a. file a copy of this order in the separate file for such action;
   b. serve on plaintiff's counsel in the new case a copy of this order;
   c. direct that this order be served upon defendants in the new case; and
   d. make the appropriate entry in the master docket sheet (Case No. 3:21-cv-08906-JD).

9. If there are any disputes about whether a new action should be related to this consolidated action, they must promptly be brought to the Court's attention or any objection may be deemed waived.

**INTERIM CLASS COUNSEL**

10. Pursuant to Fed. R. Civ. P. 23(g)(3), Shub Law Firm LLC, Held & Hines LLP, and Siri & Glimstad LLP, have requested appointment as interim co-lead counsel to represent the putative class of plaintiffs. Robinhood does not oppose the request.

11. Although the Court presently has no specific doubts or concerns about the law firms proposed for the co-lead counsel designation, an interim counsel appointment is declined at this time. The law firms did not provide enough information for the Court the meaningfully evaluate an appointment. For example, the law firms did not specify which lawyers would be responsible for handling the litigation within each firm. This is a critical component of the Court's appointment decision, and a subsequent interim counsel application must identify the individual lawyers to be designated as counsel, and state their qualifications for the role. The law firms also did not address the concerns the Court has expressed in other cases, including one involving Robinhood, about diversity in the designation of proposed lead counsel. *See, e.g.*, *In re Robinhood Outage Litigation*, Case No. 3:20-cv-01626, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020). A subsequent application must provide a response to those concerns.

12. As further guidance for a subsequent application, the Court's goal is that any party seeking fees at the end of this litigation will be able to present to the Court clear and definitive records that were prepared as the fees and costs were incurred. A prolonged forensic accounting exercise or mini-trial on fees and costs is to be avoided. To that end, an interim counsel application should incorporate these practices:

    a. At the close of each calendar month, interim co-lead counsel will make sure that all time has been entered by all timekeepers in final form. By 14 days after each month's end, interim co-lead counsel will ensure that a bill for the prior month is finalized, reflecting lead counsel's review of the billing records and any write-downs or write-offs by interim co-lead counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like. These final bills for each month will be segregated and kept by lead counsel, and may not be

altered.  Only these records, prepared contemporaneously with the expenditures, may be used for a fees and costs motion.

b. Time will be recorded in one-tenths of an hour.

c. Block-billing time records are not permitted.  Time must instead be recorded by task.  For example, an attorney may not record "7.8 hours" for "work on motion to dismiss opposition."  Instead, the attorney must break out the 7.8 hours specifying the amount of time spent for each specific task performed, e.g., "review and analyze motion to dismiss brief (1.3); team meeting regarding arguments for opposition (.8); legal research re X argument (3.3); draft X section of opposition brief (2.4)."

d. Interim co-lead counsel are free to make staffing decisions as they deem appropriate, but the Court will not permit fees to be recovered for multiple attorneys performing duplicative work.  For example, barring an unusual circumstance, only one lawyer should attend a deposition when defending it, and no more than two lawyers should attend when taking a deposition.  The Court will not permit the recovery of fees for every participating attorney from every firm to review each discovery request and response, motion, letter, e-mail, etc. in the case.  While each attorney should stay informed about the litigation, only the attorneys designated by interim lead counsel to review or summarize pleadings, orders and communications are working for the common benefit of the putative class, and only their time will be considered for possible payment at the conclusion of this case.

e. Air travel of less than six hours should be in coach class.  Travel exceeding six hours of flight time may be booked in business class.  In all cases, flights should be booked at the lowest available fare.

f. When overnight travel is necessary, counsel should be mindful in selecting reasonable hotel accommodations and restaurants.  Per diem expenses for travel

days should not exceed $100 per person exclusive of lodging and transportation.

g. Failure to adhere to these guidelines -- or the spirit animating them -- will result in the exclusion of consideration for the relevant fee or cost request.

**SCHEDULE**

13. All scheduling dates in the consolidated cases are vacated. Plaintiffs will file a consolidated complaint by May 30, 2022. Robinhood will file a response to the complaint by June 27, 2022. The parties are directed to select a case management conference date in August 2022, and file a joint case management statement 7 calendar days in advance of the conference.

**IT IS SO ORDERED.**

Dated:  April 28, 2022

JAMES DONATO
United States District Judge