**SHUB LAW FIRM LLC**
Kevin Laukaitis (*Admitted Pro Hac Vice*)
134 Kings Hwy E 2nd Floor
Haddonfield, NJ 08033
Tel: (856) 772-7200
Email: klaukaitis@shublawyers.com

**HELD & HINES, LLP**
Philip M. Hines (*Admitted pro hac vice*)
phines@heldhines.com
Danielle A. Scott (*pro hac vice forthcoming*)
dscott@heldhines.com
2004 Ralph Avenue
Brooklyn, New York 11234
Tel: (718) 531-9700

**SIRI & GLIMSTAD LLP**
Mason Barney (*pro hac vice*)
mbarney@sirillp.com
Sonal Jain (*pro hac vice*)
sjain@sirillp.com
Elizabeth A. Brehm
(*pro hac vice forthcoming*)
ebrehm@sirillp.com
Sean Nation
(*pro hac vice forthcoming*)
snation@sirillp.com
200 Park Avenue
Seventeenth Floor
New York, NY 10166
Telephone: 212-532-1091
Facsimile: 646-417-5967

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ROBINHOOD DATA SECURITY LITIGATION | Case No. 3:21-cv-08906-JD<br><br>**SUPPLEMENTAL JOINT DECLARATION OF KEVIN LAUKAITIS, PHILIP HINES, MASON BARNEY, AND ELIZABETH BREHM IN SUPPORT OF RENEWED MOTION TO APPOINT INTERIM LEAD COUNSEL** |

1

JOINT DECLARATION OF K. LAUKAITIS, P. HINES, M. BARNEY, AND E. BREHM IN SUPPORT OF RENEWED MOTION TO APPOINT INTERIM LEAD COUNSEL

**SUPPLEMENTAL JOINT DECLARATION OF KEVIN LAUKAITIS, PHILIP HINES, MASON BARNEY, AND ELIZABETH BREHM IN SUPPORT OF MOTION TO APPOINT INTERIM LEAD COUNSEL**

We, Kevin Laukaitis, Philip Hines, Mason Barney, and Elizabeth Brehm hereby declare as follows:

1. We are counsel for Plaintiffs in the above-entitled litigation. This Supplemental Declaration is being made in support of Plaintiffs' Renewed Motion for Appointment of Interim Lead Counsel. Except as otherwise stated, we make this declaration based on personal knowledge, and if called to do so, we could testify competently to the information set forth below.

2. This Supplemental Declaration is submitted for the limited purpose of addressing the Court's concern stated in ¶ 12 of the Order Re Consolidation and Interim Class Counsel dated April 28, 2022. ECF No. 30.

3. Your declarants believe their intention to comply with the Court's stated concern about a fee application at the successful conclusion of this matter was implicit in their renewed application and declaration. (ECF No. 31-1.) However, to avoid any confusion on this point, Your declarants want to be clear that, since receiving the April 28, 2022 order, they have been keeping (and will continue to keep) clear and definitive records as to all fees and costs incurred in this matter.

4. To this end, your declarants have incorporated into their procedures for this case the following practices identified by the Court in its April 28, 2022 Order:

   a. At the close of each calendar month, interim co-lead counsel will make sure that all time has been entered by all timekeepers in final form. By 14 days after each month's end, interim co-lead

2

counsel will ensure that a bill for the prior month is finalized, reflecting lead counsel's review of the billing records and any write-downs or write-offs by interim co-lead counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like. These final bills for each month will be segregated and kept by lead counsel and may not be altered. Only these records, prepared contemporaneously with the expenditures, may be used for a fees and costs motion.

b. Time will be recorded in one-tenths of an hour.

c. Block-billing time records will not be used. Time will instead be recorded by task. For example, an attorney may not record "7.8 hours" for "work on motion to dismiss opposition." Instead, the attorney will break out the 7.8 hours specifying the amount of time spent for each specific task performed, e.g., "review and analyze motion to dismiss brief (1.3); team meeting regarding arguments for opposition (.8); legal research re X argument (3.3); draft X section of opposition brief (2.4)."

d. Interim co-lead counsel will make staffing decisions as they deem appropriate, but will not submit fees for multiple attorneys performing duplicative work. For example, barring an unusual circumstance, only one lawyer will attend a deposition when defending it, and no more than two lawyers will attend when taking a deposition. While each attorney will stay informed about the litigation, only the attorneys designated by interim lead counsel to review or summarize pleadings, orders and

3

JOINT DECLARATION OF K. LAUKAITIS, P. HINES, M. BARNEY, AND E. BREHM IN SUPPORT OF RENEWED MOTION TO APPOINT INTERIM LEAD COUNSEL

communications are working for the common benefit of the putative class, and only their time will be considered for possible payment at the conclusion of this case.

    e. Air travel of less than six hours will be in coach class. Travel exceeding six hours of flight time may be booked in business class. In all cases, flights will be booked at the lowest available fare.

    f. When overnight travel is necessary, counsel will be mindful in selecting reasonable hotel accommodations and restaurants. Per diem expenses for travel days will not exceed $100 per person exclusive of lodging and transportation.

5. Your declarants understand that a failure to adhere to these guidelines -- or the spirit animating them -- will result in the exclusion of consideration for the relevant fee or cost request.

We declare under penalty of perjury that the foregoing is true and correct.

Dated: June 17, 2022

/s/ *Kevin Laukaitis*
Kevin Laukaitis
SHUB LAW FIRM LLC

*/s/ Philip Hines*
Philip Hines
HELD & HINES LLP

*/s/ Mason A. Barney*
Mason A. Barney
SIRI & GLIMSTAD

4

JOINT DECLARATION OF K. LAUKAITIS, P. HINES, M. BARNEY, AND E. BREHM IN SUPPORT OF RENEWED MOTION TO APPOINT INTERIM LEAD COUNSEL

*/s/ Elizabeth A. Brehm*
Elizabeth A. Brehm
SIRI & GLIMSTAD

*Counsel for Plaintiffs*

5

JOINT DECLARATION OF K. LAUKAITIS, P. HINES, M. BARNEY, AND E. BREHM IN SUPPORT OF RENEWED MOTION TO APPOINT INTERIM LEAD COUNSEL