**SHUB LAW FIRM LLC**
Kevin Laukaitis (*Admitted Pro Hac Vice*)
134 Kings Hwy E 2nd Floor
Haddonfield, NJ 08033
Tel: (856) 772-7200
Email: klaukaitis@shublawyers.com

**HELD & HINES, LLP**
Philip M. Hines (*Admitted pro hac vice*)
phines@heldhines.com
Danielle A. Scott (*pro hac vice forthcoming*)
dscott@heldhines.com
2004 Ralph Avenue
Brooklyn, New York 11234
Tel: (718) 531-9700

**SIRI & GLIMSTAD LLP**
Mason Barney (*pro hac vice*)
mbarney@sirillp.com
Sonal Jain (*pro hac vice*)
sjain@sirillp.com
Elizabeth A. Brehm
(*pro hac vice forthcoming*)
ebrehm@sirillp.com
200 Park Avenue
Seventeenth Floor
New York, NY 10166
Telephone: 212-532-1091
Facsimile: 646-417-5967

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| IN RE ROBINHOOD DATA SECURITY LITIGATION | Case No. 3:21-cv-08906-JD |
|---|---|
| | **NOTICE OF MOTION AND RENEWED MOTION TO APPOINT INTERIM CLASS COUNSEL** |
| | Date: August 11, 2022 Time: 10:00 A.M. |

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>NOTICE OF MOTION AND RENEWED MOTION</u>

TO DEFENDANTS AND DEFENDANTS' ATTORNEYS OF RECORD, NOTICE IS HEREBY GIVEN that on August 11, 2022 at 10:00 A.M. or as soon thereafter as counsel may be heard, before the Honorable James Donato in Courtroom 11, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs, by their respective counsel, respectfully request the Court enter an order to appoint interim class counsel. In support of their motion, Plaintiffs state:

1. Plaintiffs request the Court appoint as interim co-lead counsel Elizabeth A. Brehm and Mason A. Barney of Siri & Glimstad LLP, Kevin Laukaitis of the Shub Law Firm LLC, and Philip Hines of Held & Hines LLP (collectively, "Co-Lead Team") pursuant to Rule 23(g).

2. Plaintiffs' counsel conferred with counsel for Defendants regarding Plaintiffs' request to appoint interim counsel. Defendants' counsel indicated that Defendants take no position on this Motion.

3. A proposed form of order granting this Motion to Appoint Interim Counsel is attached.

Plaintiffs' renewed motion is based on this notice, the memorandum of points and authorities that follows, the accompanying Joint Declaration of Elizabeth A. Brehm, Mason A. Barney, Kevin Laukaitis, and Philip Hines, the proposed order, and such other matters as the Court may consider.

Plaintiffs' renewed motion is filed in consideration of the Court's April 28, 2022 Order to address the Court's thoughtful concerns that the Plaintiffs' appointed counsel shall specify which attorneys are handling this litigation within each firm, as well as reflect diversity. While Plaintiffs would still like to work within the same general structure they previously proposed, they have proposed Ms. Brehm, Mr.

2

Barney, Mr. Laukaitis, and Mr. Hines to serve as co-lead counsel, each of whom has the relevant experience as well as diverse backgrounds. The Co-Lead Team will also be assisted by Sonal Jain and Danielle Scott who also will bring relevant litigation and diverse experiences to the table to best represent the class. Importantly, while these attorneys have had success working on large scale class actions and multi-district litigation, Ms. Brehm and Mr. Barney have not been designated as the lead attorneys in prior matters, Mr. Hines has only been appointed as lead counsel once, and Mr. Laukaitis has only been appointed as a lead counsel a few times, and therefore, the Co-Lead Team welcomes the Court's invitation to bring some new attorneys with fresh ideas into the fold.

MEMORANDUM IN SUPPORT OF RENEWED MOTION
TO APPOINT INTERIM CLASS COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **STATEMENT OF ISSUES TO BE DECIDED**

1. Should the Court appoint interim co-lead class counsel to manage IN RE ROBINHOOD DATA SECURITY LITIGATION pursuant to Federal Rule of Civil Procedure 23(g)?

4

1
2

### MEMORANDUM IN SUPPORT OF RENEWED MOTION
### TO APPOINT INTERIM CLASS COUNSEL

3

4

5

6

7

Plaintiffs, by and through their undersigned counsel, respectfully submit this Memorandum in Support of their Renewed Motion to appoint Elizabeth A. Brehm and Mason A. Barney of Siri & Glimstad LLP ("Siri"), Kevin Laukaitis of the Shub Law Firm LLC ("Shub"), and Philip Hines of Held & Hines LLP ("HH") (collectively, the "Co-Lead Team"), as co-interim class counsel.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

As detailed below, Mr. Laukaitis, Mr. Hines, Ms. Brehm, and Mr. Barney, each have substantial experience in large scale consumer class actions and come from diverse backgrounds that are underrepresented in lead counsel appointments in coordinated proceedings such as this one. Furthermore, this is the first time that Ms. Brehm and Ms. Scott have sought lead counsel status, and it is one of the first times Mr. Barney has sought such an appointment.  Likewise Mr. Laukaitis has only served as lead class counsel in a few matters in his seven years of practice.  Mr. Hines has sought lead class counsel in several other matters and has been appointed lead class counsel in one of those matters. As such, the proposed leadership team does not represent "repeat players" in the class counsel arena.  Not only do these attorneys bring diversity and experience to this litigation, but the team they have assembled to work with them also represents a diverse group of litigators. Thus, the respective law firms have the appropriate resources and acumen to lead this litigation. Appointment of interim class counsel will create one unified voice for Plaintiffs and the putative classes, promote efficiency, and conserve judicial resources. Defendants Robinhood Markets, Inc., Robinhood Crypto, LLC, Robinhood Financial LLC, and Robinhood Securities, LLC (collectively, "Robinhood," or "Defendants,") were contacted prior to the filing of this motion and represented that they take no position on this motion..

26

Accordingly, Plaintiffs file this renewed motion and memorandum in support.

27

28

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 10, 2021, Plaintiffs Adam Zullo, David Perez, Thomas Barretii, and Thomas Richardson, through HH filed the first class action complaint in this matter in the Eastern District of New York, which was later transferred to this Court ("*Zullo* Action").  (Joint Declaration in Support of Renewed Motion, filed herewith ("Joint Decl.") ¶ 2.)  On November 17, 2021, Plaintiffs Adam Fisher, Ashley Carter, Christina Lopez, Rachel Barnett, Lucia Flores, Tiffany Cole, Denise Okeefe, Bayless Mestaz, John Cooper, Crystal Harmon, Michelle Durden, Karen Benoit, and Cassie Cowen, through Siri, filed a second class action complaint in this matter in the Northern District of California ("*Fisher* Action").  (*Id.* ¶ 3.) Thereafter, on December 1, 2021, Plaintiff Mark Glinoga, through Shub, filed another class action complaint in this matter in the Northern District of California ("Glinoga Action"). (*Id.* ¶ 4.)  (collectively the Zullo Action, Fisher Action and Glinoga Action are referred to as the "Related Actions")

The Related Actions arise out of a data security incident involving Robinhood, a financial services company that allows customers to trade securities on a mobile application.  Specifically, on or about November 3, 2021, an unauthorized party gained access to the information of approximately seven million people, including email addresses for approximately 5 million people and full names for a different group of approximately 2 million people. *See* ECF No. 1 at ¶ 36.

On January 21, 2022, Shub, HH, and Siri, filed a motion to Consolidate Cases and Appoint Interim Class Counsel in Case No.  3:21-cv-09290-JD.  (Dkt. No. 15 (Case No. 3:21-cv-09290-JD).)  In an order entered on April 28, 2022, the Court granted the motion in part and denied it without prejudice in part.  (Joint Decl. ¶ 7.) Specifically, the Court consolidated the Related Actions, but declined to appoint interim class counsel at that time.  (Dkt. No. 30.)  The Court had "no specific doubts

6

or concerns about the law firms proposed for the co-lead counsel designation." (*Id.* p. 3.) However, it required additional information concerning the actual lead counsel who would be appointed, and wanted counsel to more fully address "the concerns the Court has expressed in other cases, including one involving Robinhood, about diversity in the designation of proposed lead counsel." (*Id.* (citing *In re Robinhood Outage Litigation*, Case No. 3:20-cv-01626, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020).). This renewed Motion addresses the Court's concerns.

## II.   ARGUMENT

### A. The Court Should Appoint Interim Counsel Pursuant to Federal Rule of Civil Procedure 23(g)

The appointment of interim class counsel is recommended early in litigation, prior to class certification, to protect the interests of the putative class. *See* Fed. R. Civ. P. 23(g); *Annotated Manual for Complex Litigation* (4th ed. 2006) (the "*Manual*"); *see also* Fed. R. Civ. P. 23(g)(2)(A) (providing for the designation of interim class counsel to act on behalf of a putative class before the determination of class certification). Designation of interim counsel "'clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'" *Breakwater Trading LLC v. JPMorgan Chase & Co.*, No. 20 CIV. 3515, 2020 WL 5992344, at *2 (S.D.N.Y. Oct. 9, 2020) (quoting MCL § 21.11). Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."

As stated in the *Manual*, the Court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their

7

charges will be reasonable." *Manual* at § 10.22.  Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties."  *Id*. at § 10.221.

While neither Rule 23 nor the Notes expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1), which governs the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.  *See, e.g., In re Trader Joe's Tuna Litig*., 2016 WL 7407329, at *3 (C.D. Cal. Dec. 21, 2016); *Melgar v. Zicam, LLC*, 2014 WL 5486676, at *2 (E.D. Cal. Oct. 29, 2014).  Rule 23(g)(1)(A) provides, in relevant part that in appointing class counsel the Court must consider:

> (i)   the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv)  the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1).

In general, a class is fairly and adequately represented where counsel is qualified, experienced and generally capable of conducting class action litigation. *See Blessing v. Sirius XM Radio Inc*., No. 09-10035, 2011 WL 1194707, at *4 (S.D.N.Y. Mar. 29, 2011).  Each of these considerations, as detailed below, supports the appointment of the Co-Lead Team as interim class counsel.

**1. Appointing the Co-Lead Team as Interim Co-Lead Counsel is in the Best Interest of the Class**

**a. The Co-Lead Team is Uniquely Qualified to Fairly and Adequately Represent the Interests of the Class as Interim Co-**

**Lead Counsel Pursuant to Rule 23(g)**

The Co-Lead Team has an extensive history of successfully certifying classes of consumers and recovering substantial recoveries on their behalf.  Not only are the Co-Lead Team's attorneys highly experienced in consumer protection laws and litigation generally, some of them have been appointed to leadership roles in cases specifically related to data breach cases like this case. Other attorneys on the Co-Lead team have litigated data breach cases, like this, but have never been appointed to leadership positions. As such, the members of the Co-Lead team bring a mix of experience and fresh ideas to this litigation.

Moreover, the Co-Lead Team are comprised of sizeable firms with significant human and financial resources to invest for the benefit of the class, and all three firms have substantial experience in litigated data breach class actions. For these reasons, as described below, each prong of Rule 23(g) weighs overwhelmingly in favor of appointing the Co-Lead Team as interim co-lead counsel.

**b. Rule 23(g)(1)(A)(i): The Co-Lead Team Performed Extensive Work in Developing the Class's Claims and the Allegations Supporting the Claims in the Related Actions**

The Co-Lead Team investigated their cases in these Related Actions. Before filing, the Co-Lead Team performed a substantial independent investigation of the Security Incident and the relevant federal and state consumer protection statutes. As part of their investigation, the Co-Lead Team: conducted detailed factual research, including an analysis of news reports and other publicly available facts about this data security incident; interviewed numerous victims of the Security Incident and reviewed their financial records; and consulted substantial legal research developed in the numerous other successful data breach class actions the Co-Lead Team

9

have prosecuted.

These investigative efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop, and demonstrate the claims alleged in the operative complaints that led to this consolidated action.[1] These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim class counsel.

The Notes also contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification pursuant to Fed. R. Civ. P. 23(c)(1), inasmuch as "some discovery is often necessary for that determination." *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). The Notes further state, "[o]rdinarily such work is handled by the lawyer who filed the action." *Id*. Here, a significant amount of discovery and related motion practice is expected to take place prior to class certification. *See id*. (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Moreover, the class certification motion has not yet been scheduled and discovery will be necessary before a class certification motion is filed. Furthermore, discovery in this matter may be complicated and require negotiations and motions prior to class certification.

In addition, the Co-Lead Team have met and conferred, have agreed to work

---

[1] This action was originally brought as three separate actions: *Fisher, et al. v. Robinhood Markets, Inc., et al.*, 4:21-cv-08906-JD; *Zullo, et al. v. Robinhood Markets, Inc., et al.*, 3:22-cv-00224-JCS; and *Glinoga v. Robinhood Markets, Inc., et al.*, 4:21-cv-09290-YGR. Upon a motion for consolidation filed in the *Glinoga* matter, these three cases were consolidated with the present case caption. *See ECF No. 29* (granting the collective Plaintiff's Motion for Consolidation).

MEMORANDUM IN SUPPORT OF RENEWED MOTION
TO APPOINT INTERIM CLASS COUNSEL

together on behalf of Plaintiffs and the proposed class, and have been doing so efficiently and effectively since the inception of the litigation. Such collaboration and coordination on the part of proposed Interim Class Counsel will enable the Co-Lead Team to act effectively, efficiently, and in the interests of all Plaintiffs, class members, and the Court. Consistent with the Manual for Complex Litigation, Fourth, §§ 10.221 and 40.22, appointing the Co-Lead Team as Interim Class Counsel now, "before determining whether to certify the class as a class action" (Fed. R. Civ. P. 23(g)(3)), will be conducive to the effective and efficient management of the case with respect to discovery, class certification, and other pre-trial matters, as well as, in particular, any possible early ADR efforts. Indeed, it is with these considerations in mind that other courts in this District have approved the early appointment of collaborative Interim Class Counsel in complex class action cases. *See*, *e.g.*, *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 994 (N.D. Cal. 2016) (Gonzalez Rogers, J.); Order Approving Joint Stipulation for Appointment of Interim Counsel filed in *In re: Hyundai Sonata Engine Litigation*, N.D. Cal. Lead Case No. 5:15-cv-1685-BLF (ECF No. 35).

The Co-Lead Team's collective, thorough investigation into the claims will enable them to more than adequately handle this litigation.

### c. Rule 23(g)(1)(A)(ii) and (iii): The Co-Lead Team Possesses Substantial Experience Litigating Data Breach Cases and Extensive Knowledge of the Applicable Laws

The third factor the Court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). The Co-Lead Team have substantial experience handling consumer class actions involving data breaches, as well as other complex litigation. The firms' attorneys have represented plaintiffs in numerous class action

1  lawsuits in state and federal courts throughout the United States, including this
2  District, and are represented by a swath of attorneys as diverse as the classes they
3  represent. *See generally* Joint Declaration in Support of Renewed Motion, filed
4  herewith.

**2.  Proposed Interim Class Counsel's Knowledge of the Applicable Law**

6  Proposed Co-Lead Team are also knowledgeable about the law applicable to
7  the instant claims, as demonstrated by their experience litigating other multi-state
8  data breach class actions.  As set forth above, the Co-Lead Team have a long track
9  record of successfully litigating large-scale consumer and complex actions and are
10  familiar with this Court's rules and procedures.  Indeed, they have litigated many
11  cases in this District.

12  **Elizabeth A. Brehm** – Ms. Brehm is a partner at Siri who has over nine (9)
13  years of experience focused on antitrust class action lawsuits, securities fraud, and
14  qui tam and whistleblower litigations where she developed substantial experience in
15  technology assisted ESI and discovery.  Prior to becoming an attorney, she received
16  a master's degrees in technology in education and spent eight-and-a-half years as a
17  public elementary school teacher.   (Joint Decl. ¶¶ 36-42.)

18  **Mason A. Barney** – Mr. Barney is a partner at Siri with over seventeen (17)
19  years of experience in complex litigation.  Mr. Barney was recently on the Siri &
20  Glimstad team in a class action alleging violations of the Telephone Consumer
21  Protection Act ("TCPA") which resulted in a settlement of $25,000,000, plus free
22  satellite radio service, to a potential class of over 14 million customers (*Buchanan*
23  *v. Sirius XM Radio, Inc.*, Case No. 3:17-cv-00728 (N.D. Tex.)).  Mr. Barney was
24  also trial co-counsel for plaintiffs in an ERISA matter filed as a class action
25  involving breaches of fiduciary duty related to the management and termination of
26  an ESOP which settled after the beginning of trial for $1,080,000 for the Class

27  12

(*Kindle v. Dejana*, No. 14-cv-06784 (E.D.N.Y.).  Mr. Barney holds an undergraduate degree in Computer Science, and after college served as a database programmer for three years.  Mr. Barney has published articles concerning data privacy and cyber security issues in leading publications such as Inc. Magazine, Bloomberg BNA, and Inside Counsel Magazine.  (Joint Decl. ¶¶ 36-42.)

**Kevin Laukaitis** – Mr. Laukaitis will lead the team from Shub.  He is a younger attorney in his seventh year of practice, but nearly his entire practice is dedicated to complex consumer class action litigation, including consumer issues such as data security breaches.  Among other matters, Mr. Laukaitis was part of the team of attorneys that prevailed in a jury trial and achieved an unprecedented settlement in *Taha v. Bucks County*, No. 12-cv-6867 (E.D. Pa.), is considered the first class action lawsuit in the United States to proceed to trial on the impact of digital criminal stigma and a government's statutory obligation to protect its citizenry against such stigma.  (Joint Decl. ¶¶ 13-22.).

**Philip Hines** – Mr. Hines founded HH and has been a litigator for over seventeen (17) years. In that time, Mr. Hines has represented thousands of individuals in complex commercial, civil rights, contract, and employment class actions in state and federal court and arbitrations against Fortune 500 companies and state and local governments.  Mr. Hines has substantial class action experience.  For example, in *Ortega, et al. v. Uber Technologies, Inc., et al*, Case No.: 1:15-cv-07387 (NGG)(VMS) (E.D.N.Y.), Mr. Hines was appointed Class Counsel on behalf of thousands of New York Uber drivers who opted out of their arbitration agreements, alleging contract-based, state labor law, Fair Labor Standards Act, and false advertising claims.  Other data-breach focused class action work engaged in by Mr. Hines and HH includes: *In Re Geico Customer Data Breach Litigation*, Case No: 1:21-cv-02210-KAM-RLM (E.D.N.Y.), and *In Re: T-Mobile Customer Data*

13

1   *Security Breach Litigation*, MDL No. 3019, 4:21-MD-03019-BCW (W.D.M.O.).

2   (Joint Decl. ¶¶ 23-35.)

3   ### 3.  Diversity of Representation

4   In its July 14, 2020 Order in *In re Robinhood Outage Litigation*, Case No.

5   3:20-cv-01626, 2020 WL 7330596 (N.D. Cal. July 14, 2020)), this Court denied a

6   similar interim class counsel motion because it was "concerned about a lack of

7   diversity in the proposed lead counsel." *Id.* *2.  The Court noted that the attorneys

8   who were proposed for the lead counsel and executive committee positions were all

9   men who "have enjoyed a number of leadership appointments in other cases." *Id.*

10  Instead, the Court admonished that "leadership roles should be made available to

11  newer and less experienced lawyers, and the attorneys running this litigation should

12  reflect the diversity of the proposed national class." *Id.*

13  In its April 28, 2022 Order in this Action, the Court directed the proposed Co-

14  Lead Team to consider these same issues of diversity and representation when they

15  re-filed their motion for interim class counsel. As the following shows, the Co-Lead

16  Team believe that the current revised interim class counsel proposal addresses all of

17  the Court's concerns.

18  The currently proposed Co-Lead Team represents a cross section of attorneys

19  who have had substantial experience serving as lead counsel in class actions, and

20  attorneys who, while well experienced in class action litigation, have not previously

21  had the opportunity to be appointed as lead counsel.  Specifically, Mr. Hines has

22  been appointed as lead counsel in multiple complex class actions. (Joint Decl. ¶ 29.)

23  On the other hand, this will be Ms. Brehm's first time being formally appointed as

24

25

26

27                                         14

28

lead counsel, and it will be one of Mr. Barney's first times.[2]  (Joint Decl. ¶¶ 37, 38.)
Mr. Laukaitis has also been practicing law for fewer than seven years, and while in
that time he has aquired significant experience working on large class actions, he
has only been appointed lead counsel on a few occasions.  Thus, unlike in *In re
Robinhood Outage*, here the Co-Lead Team is not made up of repeat players, but
rather will give many of its members a new opportunity to grow and will diversify
the Lead Counsel plaintiffs bar.

Furthermore, both the lawyers on the Co-Lead Team and the attorneys that
will support the Co-Lead Team, represent the diversity of individuals in the proposed
class.  In its revised form, the Co-Lead Team is no longer exclusively male, with the
inclusion of Ms. Brehm and her nearly decade of class action experience.
Furthermore, the full team of attorneys includes an Indian trained attorney, Ms.
Sonal Jain, and attorneys who are admitted (or soon to be admitted) around the
country.  (Joint Decl. ¶ 39.)  For example, Ms. Danielle Scott from HH is admitted
in South Carolina and New York; and Mr. Laukaitis from Shub is admitted in
Pennsylvania and New Jersey.  (*Id*. ¶¶ 39, 35, 22.)  All of these attorneys, both those
on the Co-Lead Team and those supporting them are expected to play a significant
role in the litigation.

For these reasons, the Co-Lead Team believes that its revised configuration
provides exactly the type of diversity that the Court sought in *In re Robinhood
Outage* and in the April 28th Order in this action.

**4. Resources That Proposed Interim Class Counsel's Will Commit to**

---

[2] Mr. Barney has not yet been formally appointed as lead counsel in other actions,
but currently Mr. Barney has a motion pending in another action where he has
requested to be appointed co-lead counsel in connection with proposed settlement
of a class action.  *In Re: California Pizza Kitchen Data Breach Litigation*, Case
No. No. 8:21-cv-01928-DOC-KES (C.D. Cal.).

1

2

**Representing the Class**

The final Fed R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources
counsel will commit to the case, also strongly supports this motion for interim class
counsel.  The Co-Lead Team are comprised of well-established, successful law firms
that have the resources and personnel necessary to pursue a case of this magnitude,
as they have demonstrated in numerous similar class actions.  The Co-Lead Team
has already demonstrated the will and ability to commit the necessary resources to
assure a strong and well-supported case on behalf of members of the proposed class.
The firms' resources are not merely financial, but also include substantial expertise
and work-product as discussed above, which were developed in other similar cases
that will benefit Plaintiffs and the putative class.  The Co-Lead Team's ability to
draw from this well-developed repository of information will also allow it to
streamline the litigation.

The issues in these cases will require substantial expert analysis in the area of
cybersecurity, and discovery is likely to entail thousands of pages of documents and
numerous depositions. The proposed Co-Lead Team includes attorneys with prior
experience in similar data privacy cases, and a deep well of knowledge in
technology.  (Joint Decl. ¶ 22 (discussing Mr. Laukaitis' familiarity with technology
assisted ESI and discovery), ¶ 27 (identifying Mr. Hines' experience in data breach
actions); ¶¶ 37-38 (noting that Ms. Brehm also has substantial experience in
technology assisted ESI and that Mr. Barney has an undergraduate degree in
Computer Science, worked as a programmer, and has published legal articles
regarding privacy and cybersecurity issues).) Counsel chosen to prosecute the class's
claims must be able to dedicate significant resources to advance those claims. *See*
Fed. R. Civ. P. 23(g)(1)(A)(iv). The Co-Lead Team has the staffing, monetary
resources, and skill necessary to best advance the class's interests. Additionally, this

16

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

case will also require the expenditure of significant resources in both attorney time and expenses in order to pursue all necessary avenues of discovery, brief and argue motions, manage class representatives and a large number of class members, conduct depositions and expert discovery, and negotiate a potential settlement with defense counsel.

The Co-Lead Team is professionally staffed, adequately capitalized, and fully prepared to handle the challenges that they will face in litigating against this large corporate defendant. With regard to ESI discovery, the Co-Lead Team is experienced in ESI Protocols and have been responsible for developing the ESI Protocols in a variety of other actions they have litigated.

### 5. The Court Should Grant Co-Lead Counsel Case Management Responsibilities

Plaintiffs' proposed Co-Lead Team requests authority and responsibility over Plaintiffs' participation in the following matters: (1) the initiation, response, scheduling, briefing, and argument related to all pleadings or motions; (2) the scope, order, and conduct of all discovery proceedings; (3) retaining common experts; (4) designating the appearance of Plaintiffs' counsel at hearings and conferences; (5) leading common settlement negotiations and entering into prospective agreements with Robinhood; (6) receiving and distributing among Plaintiffs' counsel, as appropriate, notice of all Court orders and notices of pretrial conferences and acting as the primary contact between the Court and Plaintiffs' counsel; (7) establishing and maintaining a depository for orders, pleadings, hearing transcripts, and all documents served upon Plaintiffs' counsel; (8) establishing and maintaining a current Master Service List of counsel of record; and (9) all other matters concerning the efficient and economical conduct of the consolidated action.

MEMORANDUM IN SUPPORT OF RENEWED MOTION
TO APPOINT INTERIM CLASS COUNSEL

In addition to the above, Plaintiffs' proposed Co-Lead Team is mindful of the Court's concerns over duplication of effort.  The team will implement all of the timekeeping and expense protocols from the Court's April 28, 2022 Order, and will be vigilant in their responsibility to coordinate among other Plaintiffs' Counsel (if applicable) to ensure the efficient and economical prosecution of this matter. In furtherance of those responsibilities, Plaintiffs' proposed Co-Lead Team requests authority and responsibility over the following matters as they relate to Plaintiffs and Plaintiffs' counsel: (1) assigning work to other Plaintiffs' counsel (if applicable), as may be appropriate and in the Class's best interest; (2) implementing time and expense record keeping policies; (3) collecting time and expense reports from all Plaintiffs' counsel on a monthly basis; (4) acting as the treasurer for any litigation fund assessments and expenses; and (5) otherwise ensuring that Plaintiffs' counsel not perform common benefit work, bill for unnecessary read and review time, or attend hearings or depositions or other events without Co-Lead Counsel's authorization. Plaintiffs' proposed Co-Lead Team believes such authority would enable them to fulfill the most important role of Co-Lead Counsel – "achieving efficiency and economy without jeopardizing fairness to the parties." Manual, § 10.221. Moreover, Mr. Laukaitis, Mr. Hines, Ms. Brehm and Mr. Barney all frequently work on cases that involve the management and coordination of many law firms and lawyers, and are personally experienced in those collaborative tasks.

### 6.  Other Factors Support Designating Proposed Interim Counsel

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. *See* MANUAL FOR COMPLEX LITIGATION § 10.23 (4th ed. 2004). The Co-Lead Team have demonstrated their ability and commitment to working together, even convening a meeting early on to explore the prospect of self-organizing the class counsel structure and

18

consolidating the actions. The Co-Lead Team have developed working relationships, know of complimentary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id*. The potential class would benefit from the collective skill, experience and knowledge of the attorneys of the Co-Lead Team.

The Co-Lead Team has worked together amicably since the filing of the various actions and are ready, willing, and able to divide the tasks, coordinate strategy, and work aggressively to address the needs of potential class members. While each of the firms has the skills, resources, and experience necessary to prosecute this action as sole lead counsel, appointment of them to act as the Co-Lead Team would only further the interests of the class. Appointment of the Co-Lead Team will provide the proposed class the efficiency, financial resources, and class action experience that it requires and deserves. *See* Fed. R. Civ. P. 23(g)(2). Appointing the Co-Lead Team satisfies the requirements of Rule 23(g) and will promote the orderly resolution of this action.

### III.   <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs respectfully request that the Court appoint Kevin Laukaitis from the Shub Law Firm LLC, Philip Hines from Held & Hines LLP, and Elizabeth Brehm and Mason Barney from Siri & Glimstad LLP as Interim Co-Lead Counsel. Plaintiffs respectfully request the Court enter an Order substantially in the form of the attached proposed order.

Dated:  July 7, 2022                        Respectfully Submitted By:

*/s/ Kevin Laukaitis*
Kevin Laukaitis*

19

**SHUB LAW FIRM LLC**
134 Kings Hwy E 2nd Floor
Haddonfield, NJ 08033
Tel: (856) 772-7200
Email: klaukaitis@shublawyers.com

**HELD & HINES, LLP**
Philip M. Hines*
phines@heldhines.com
Danielle A. Scott*
dscott@heldhines.com
2004 Ralph Avenue
Brooklyn, New York 11234
(718) 531-9700

**SIRI & GLIMSTAD LLP**
Mason Barney*
mbarney@sirillp.com
Sonal Jain*
sjain@sirillp.com
Elizabeth A. Brehm
ebrehm@sirillp.com
200 Park Avenue
Seventeenth Floor
New York, NY 10166
Telephone: 212-532-1091
Facsimile: 646-417-5967

* *Admitted Pro Hac Vice or Application Forthcoming*

*Counsel for Plaintiffs and the Proposed Class*

MEMORANDUM IN SUPPORT OF RENEWED MOTION
TO APPOINT INTERIM CLASS COUNSEL