Alan Schoenfeld (pro hac vice)
Alan.Schoenfeld@wilmerhale.com
Michael Bongiorno (pro hac vice)
 michael.bongiorno@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Allison Bingxue Que (SBN 324044)
allison.que@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
(650) 858-6007

*Attorneys for Defendants Robinhood
Markets, Inc.;
Robinhood Crypto, LLC;
Robinhood Financial LLC;
Robinhood Securities, LLC*

Mason A. Barney (pro hac vice)
mbarney@sirillp.com
Elizabeth A. Brehm (pro hac vice)
ebrehm@sirillp.com
Sonal Jain (pro hac vice)
sjain@sirillp.com
SIRI & GLIMSTAD LLP
200 Park Avenue, Seventeenth Floor
New York, NY 10166
(212) 532-1091

SHUB LAW FIRM LLC
Kevin  Laukaitis  (pro hac vice)
134 Kings Hwy E 2nd Floor
Haddonfield, NJ 08033
Tel: (856) 772-7200
Email: klaukaitis@shublawyers.com

HELD & HINES, LLP
Philip M. Hines (pro hac vice)
phines@heldhines.com
Danielle  A. Scott (pro  hac  vice
forthcoming)
2004 Ralph Avenue
 Brooklyn, New York 11234
Tel: (718) 531-9700
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re Robinhood Data Security Litigation | ) Case Number: 3:21-cv-08906-JD<br>)<br>) Assigned to the Hon. Judge James Donato<br>)<br>) **JOINT CASE MANAGEMENT**<br>) **STATEMENT**<br>)<br>) CMC Date: October 13, 2022<br>) Time: 10:00 am<br>) Pretrial Conference: Not set<br>) Trial Date: Not set<br>)<br>) Consolidated Amended Complaint Filed: May<br>) 31, 2022 |

1    Plaintiffs ADAM FISHER, ASHLEY CARTER, CHRISTINA LOPEZ, RACHEL

2  BARNETT, LUCIA FLORES, TIFFANY COLE, DENISE OKEEFE, BAYLEE MESTAZ,

3  JOHN COOPER, CRYSTAL HARMON, MICHELLE DURDEN, KAREN BENOIT, MARK

4  GLINOGA, ADAM ZULLO, DAVID PEREZ, THOMAS BARRETTI, THOMAS

5  RICHARDSON, DONNA ARDIZZONE, TOM SUNOG, JOSEPH MASSARO, CASSIE

6  COWEN, CHRISTOPHER WHEELER, SIMON FULMER, HAROLD NYANJOM, and

7  SAUL SANCHEZ (collectively "Plaintiffs") and Defendants ROBINHOOD MARKETS, INC.,

8  ROBINHOOD CRYPTO, LLC, ROBINHOOD FINANCIAL LLC, and ROBINHOOD

9  SECURITIES, LLC (collectively, "Robinhood" or "Defendants") hereby submit this Joint Case

10 Management Statement.

### I.    JURISDICTION AND SERVICE

12    Defendants have been served.  Plaintiffs are unaware of any issues concerning personal

13 jurisdiction or venue.  Plaintiffs' position is that this Court has subject matter jurisdiction over

14 this action under 28 U.S.C. § 1332(d)(2)(A); as stated below, Defendants' position is that this

15 Court lacks subject matter jurisdiction.  Venue is proper in this judicial district pursuant to 28

16 U.S.C. § 1391.  The parties agree that there are no issues with personal jurisdiction at this time;

17 nor are there any issues with service of process.

### II.   FACTS

19    **Plaintiffs:** As alleged in the operative consolidated complaint (ECF No. 34), this is an

20 action brought against Defendants for breach of contract, breach of implied contract, unjust

21 enrichment, negligence, negligence *per se*, declaratory judgement, and violations of the

22 consumer protection laws and consumer information protection laws of California, New York,

23 Indiana, Utah, South Carolina, Georgia, Florida, Kansas, Kentucky, New Jersey, and Illinois

24 related to Defendants' failure to properly secure and safeguard Plaintiffs' and other similarly

25 situated Robinhood customers' personal information from hackers (the "Data Breach").

On November 3, 2021, hackers gained access to the personally identifiable information ("PII") of over 7 million Robinhood customers, including full names, email addresses, dates of birth, zip codes, and other PII. Robinhood customers' PII is up for sale on the dark web, making them vulnerable to identity theft, fraud, unlawful account access, unauthorized financial transactions, fraudulent government filings, getting locked out of their accounts, and difficulty and/or inability to regain account access.  In their below description of the facts, Defendants make certain claims for the first time regarding facts outside the Complaint about what information was accessed for the named Plaintiffs.  Defendants have presented no evidence supporting those claims, and Plaintiffs have not had the opportunity to evaluate those claims.  Furthermore, as alleged in the complaint, Plaintiffs maintain that they received emails from Robinhood telling them they were part of the 7 million Robinhood customers affected by the data security incident.

In their complaint, Plaintiffs assert claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"); California's Customer Records Act, Cal. Civ Code § 1798.80 et seq. ("CCRA"); California's Consumer Privacy Act, Cal. Civ Code § 1798.100 et seq. ("CCPA"); Illinois' Consumer Fraud Act, 815 ILCS §§ 505/1, et seq. ("ICFA"); Illinois' Personal Information Protection Act, 815 ILCS §§ 530/10(a), et seq.; Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/2, et seq. ("UDTPA"); New York's General Business Law, et seq. § 349 ("GBL § 349"); Indiana's Deceptive Consumer Sales Act, Ind. Code. §§ 24-5-0.5-1, et seq.; Utah's Deceptive Consumer Sales Act, Utah Code §§ 13-11a-3, et seq. ("UDCSA"); South Carolina's Unfair Trade Practices Act, S.C. Code §§ 39-5-20, et seq. ("SCUPTA"); Georgia's Fair Business Practices Act, G.A. Code §§ 10-1-393, et seq. ("GFBPA"); Florida's Deceptive and Unfair Trade Practice Act, Fla. Code §§ 501.201, et seq.; Kansas' Protection of Consumer Information Act, Kan. Stat. Ann. § 50-7a02(a) et seq.; Kansas'

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Consumer Protection Act, Kan. Stat. Ann. § 50-623 et seq.; Kentucky's Computer Security Breach Notification Act, K.Y. Rev. Stat. Ann. § 365.732 et seq.; Kentucky's Consumer Protection Act, K.Y. Rev. Stat. Ann. § 367.110 et seq.; New Jersey's Customer Security Breach Disclosure Act, N.J. Stat. Ann. § 56:8-163 et seq.; and New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 et seq. Plaintiffs also bring claims for breach of contract, breach of implied contract, unjust enrichment, negligence, negligence *per se*, and declaratory judgement.

**Defendants:** The twenty-five named plaintiffs are alleged Robinhood customers.[1]  On November 8, 2021, Robinhood announced that on November 3, "[a]n unauthorized third party obtained access to a limited amount of personal information for a portion of [its] customers." ECF No. 34 (Consolidated Class Action Complaint), ¶ 49.  That information comprised "a list of email addresses for approximately five million people, and full names for a different group of approximately two million people," and "for a more limited number of people—approximately 310 in total—additional personal information, including name, date of birth, and zip code was exposed, with a subset of approximately 10 customers having more extensive account details revealed." *Id.*  As Robinhood made clear, "no Social Security numbers, bank account numbers, or debit card numbers were exposed." *Id.*  On November 16, Robinhood updated its November 8 announcement to state that other limited information, including phone numbers, may have been disclosed in the incident for certain customers. *Id.* ¶ 50.

---

[1] Plaintiffs brought suit against four Robinhood Defendants without identifying what role each of these defendants allegedly played in the events giving rise to this case.  As explained in Defendants' Motion to Dismiss, Robinhood Markets, Inc. is a holding company listed on the Nasdaq Global Select Market, which owns 100% of, and operates its business through, its cryptocurrency-services subsidiary Robinhood Crypto, LLC, its brokerage-services subsidiary Robinhood Financial LLC, and its clearing-services subsidiary Robinhood Securities, LLC. Each defendant entity preserves and does not waive all available defenses to Plaintiffs' claims. ECF No. 38.

JOINT CASE MANAGEMENT STATEMENT, CASE No: 3:21-cv-08906-JD

Based on Robinhood's investigation, none of the 25 named plaintiffs is among the 310 people mentioned in Robinhood's November 8 and November 16, 2021 Notices (available at https://blog.robinhood.com/news/2021/11/8/data-security-incident, cited in paragraph 5 of the Complaint), and Robinhood stands by the statements made in those two Notices. Among the 310 people, Robinhood's subsequent investigation indicated that the unauthorized third party accessed 10 customers' individual account information pages, which would have enabled access to those users' Robinhood account number and bank information (and driver's license number for an even smaller number of customers). Robinhood sent timely requisite notice to those 10 customers. As to 296 of the other 300 people, the unauthorized party was exposed to only certain categories of personal information that are required to set up a Robinhood account (i.e., name, email address, city/state, zip code, phone number, and/or date of birth), and nothing beyond; and for many of the 296 people, only their name and email addresses were exposed. Four of these 300 people also had a Robinhood account number exposed.

The current litigation is the result of three putative class actions filed between November 10 and December 1, 2021. Those cases were consolidated, and Plaintiffs filed an amended consolidated complaint on May 31, 2022 on behalf of a nationwide class "whose Private Information was compromised in the [November 3 data security incident]," and subclasses in California, Illinois, New York, Indiana, Utah, South Carolina, Georgia, Florida, Kansas, Kentucky, and New Jersey. *Id.* ¶ 105.

## III.   LEGAL ISSUES

### Plaintiffs:

Plaintiffs submit that the following legal issues are relevant to this action:

a. Whether Robinhood engaged in the conduct related to or that resulted in the Data Breach;

b. Whether Robinhood's conduct violated the state consumer protection laws invoked in the Complaint;

c. When Robinhood actually learned of the Data Breach and whether its response was adequate;

d. Whether Robinhood had a legal duty to adequately protect Plaintiffs' and the Class Members' PII;

e. Whether Robinhood breached its legal duty by failing to adequately protect Plaintiffs' and the Class Members' PII;

f. Whether Robinhood implemented and maintained reasonable security procedures and practices appropriate to the nature of storing Plaintiffs' and the Class Members' PII;

g. Whether Robinhood knew or should have known that it did not employ reasonable measures to keep Plaintiffs' and the Class Members' PII secure and prevent loss or misuse of that PII;

h. Whether Robinhood adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

i. Whether Plaintiffs and the Class Members are entitled to recover actual and/or statutory damages;

j. Whether Plaintiffs and the other Class Members are entitled to credit or identity monitoring and are entitled to other monetary relief; and

k. Whether Plaintiffs and the Class Members are entitled to equitable relief, including injunctive relief, restitution, disgorgement, and/or the establishment of a constructive trust.

**Defendants:**

The legal issues in this case include, but are not limited to:

a. Whether the Court lacks subject matter jurisdiction over this case because Plaintiffs lack Article III standing;

b.  Whether Plaintiffs are entitled to equitable relief they are seeking;

c.  Whether each of the claims asserted in the consolidated class action complaint should be dismissed for failure to state a claim;

d.  Should the case proceed to class certification stage, whether this case can be properly certified as a class action.

## IV.   MOTIONS

### Prior Motions

1.  On January 21, 2022, Plaintiffs filed a motion to consolidate cases and appoint interim class counsel in one of the other two related cases. 3:21-cv-09290-JD, ECF No. 15. Defendants did not oppose. 3:21-cv-09290-JD, ECF No. 24. On April 28, 2022, the Court consolidated the three related cases, 3:21-cv-08906-JD, 3:21-cv-09290-JD, and 3:22-cv-00224-JD, for all pretrial proceedings. 3:21-cv-08906-JD, ECF No. 30. In the same order, the Court also denied Plaintiffs' motion to appoint interim class counsel without prejudice. *Id.*

### Pending Motions

1.  Plaintiffs renewed their motions to appoint interim class counsel on May 25, 2022, and July 7, 2022, respectively. Defendants take no position on either renewed motion. Plaintiffs' second renewed motion to appoint interim class counsel is pending before the Court and is currently scheduled to be heard on October 13, 2022.

2. On June 27, 2022, Defendants filed a Motion to Dismiss the Consolidated Amended Complaint. ECF No. 38. On July 29, 2022, Plaintiffs filed the opposition. ECF No. 48. Defendants filed their reply on August 26, 2022. ECF No. 52. The Motion to Dismiss is currently scheduled to be heard on October 13, 2022, pursuant to the Parties' stipulation to continue the hearing. ECF Nos. 47, 49.

### Anticipated Motions

**Plaintiffs:** Following discovery, Plaintiffs anticipate filing a motion for class certification and a motion for summary judgment.  Plaintiffs reserve the right to file additional motions, including motions to compel production, should such become necessary.

**Defendants:** Defendants believe the Court should grant the Motion to Dismiss; but should the case proceed beyond the motion to dismiss stage, Defendants reserve the right to file other motions, including a summary judgment motion on the named plaintiffs' claims.

## V.    AMENDMENT OF PLEADINGS

**Plaintiffs:** Plaintiffs propose that the deadline to join additional parties or amend the pleadings be set for 90 days from the date Defendants file an Answer.  Plaintiffs do not intend to add any additional parties or amend the pleadings at this time, but reserve their rights to seek leave to amend for cause in the future on any available basis (e.g., following rulings on any motions to dismiss).

**Defendants:** Plaintiffs have already amended the complaint once by filing a consolidated class action complaint.  But seven months later after they filed the original complaints in the three now-consolidated cases, Plaintiffs still have not specified any actionable injuries.  Defendants believe any further amendment would be futile.

## VI.   EVIDENCE PRESERVATION

The parties have reviewed this District's Guidelines for the Discovery of Electronically Stored Information and have taken responsible and necessary steps to comply with their obligations to preserve evidence relevant to the issues reasonably evident in this action.  The Parties have agreed to further discuss: (a) the identification of relevant and discoverable ESI; (b) the scope of discoverable ESI to be preserved and produced by the Parties; (c) the formats for preservation and production of ESI; (d) the protection of confidential and proprietary information; (e) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; and (f) any

other relevant ESI issues involved in the case that may arise. The Parties will meet and confer to draft an appropriate protective order to govern the use and handling of documents and materials designated as "confidential" and anticipate submitting a stipulated protective order to the Court within 60 days of the opening of discovery. Currently, both Parties are taking appropriate steps to preserve documents and data they reasonably believe may be relevant in this litigation

## VII.   DISCLOSURES

The parties conferred pursuant to Rule 26(f) on July 21, 2022 and on September 21, 2022.

**Plaintiffs:**  Plaintiffs plan to serve their Initial Disclosures as required under Rule 26(a) of the Federal Rules of Civil Procedure within 21 days after the Case Management Conference.

**Defendants:**  Defendants propose to stay discovery, including the exchange of initial disclosure, until 21 days after a decision on Defendants' pending Motion to Dismiss.   As described below, Defendants believe the case should be dismissed in its entirety for lack of standing; and even if it is not, Defendants believe the scope of this case will be far narrower after Defendants' Motion to Dismiss is decided.

In the absence of a stay, Defendants agree with Plaintiffs' proposal.

The parties understand and will comply with their ongoing duty under Rule 26(e) to supplement their disclosures after initial disclosures take place.

## VIII.   DISCOVERY

### A.  Identified Discovery Disputes

Because there has been no discovery taken to date, the parties are not aware of any discovery disputes at this time.  The parties disagree on the discovery plan, as stated below.

### B.  Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)

#### i.   Written Discovery and Oral Depositions

**Plaintiffs:**

Each party may serve up to twenty-five (25) written interrogatories. The parties should be permitted to reserve the right to serve additional written interrogatories by stipulation or by motion if such discovery becomes necessary during the course of discovery.

Each party should be bound by the usual limit of ten (10) fact depositions. The parties should be permitted to reserve the right to take additional depositions by stipulation or by motion if additional depositions are necessary and proportionate. Defendants' claim that 25 depositions are necessary is premature and should be determined as discovery proceeds.

**Defendants:**

Defendants believe it is premature to address most, if not all, specific procedures governing discovery.

In any event, Defendants object to Plaintiffs' above proposal at least with respect to the following. <u>First</u>, given that there are currently 25 named plaintiffs, Defendants should be allowed to conduct at least 25 fact depositions—that is, one deposition of each named plaintiff—and should be allowed to conduct more fact depositions if Plaintiffs decide to add more named plaintiffs or join other parties. <u>Second</u>, Plaintiffs shall jointly serve requests for production, requests for admission, and interrogatories to the extent that they seek information relevant to all the four Defendants. <u>Third</u>, Plaintiffs shall jointly notice and conduct fact-witness depositions and Rule 30(b)(6) depositions such that the same witness need not be made available more than once. <u>Fourth,</u> the limits on discovery found

in Rules 30, 31, and 33, or as otherwise agreed to by the parties or ordered by the Court, shall be applied on a per-side and not per-party basis.

**ii. Disclosure of Expert Testimony**

The parties propose that class certification expert reports shall be due along with the Plaintiffs' motion for class certification and Defendant's opposition thereto, respectively. *See infra* Section 17.

**iii. Service of Discovery**

The parties agree to accept service of discovery and discovery responses by email.

**iv. Rule 26(f)(3)(a): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).**

*See* section VII above.

**v. Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

**Plaintiffs' Position:** The scope of Plaintiffs' anticipated discovery will encompass document requests, interrogatories, and requests for admission. Plaintiffs will also depose corporate representatives of Defendants pursuant to Federal Civil Procedure Rule 30(b)(6), as well as employees of Defendants or outside consultants retained by Defendants in their individual capacities. Plaintiffs will depose any experts that Defendants will use in this matter.

The subjects of Plaintiffs' discovery may include, among other subjects:

(a) Disclosures made by Robinhood to consumers;

(b) All versions of Robinhood's disclosures, privacy policy, and/or Terms and Conditions;

(c) Methods Robinhood used to access consumers' financial accounts using their login information, then collect and transfer consumer data from various financial institutions and the scope of data collected;

(d) The ways in which Robinhood used the consumer data, financially and otherwise, that it accessed from financial institutions or collected from customers;

(e) Agreements between Robinhood and (1) various financial institutions, and (2) its clients;

(f) The nature of Robinhood's monitoring, oversight, or approval of its clients' disclosures to consumers and use of consumer data, including compliance with federal and state standards for disclosures, privacy, and data protection;

(g) Any investigation conducted by Robinhood regarding the Data Breach at issue in this litigation;

(h) Any investigation conducted by Robinhood concerning prior data breaches and any measures taken by the company to correct security deficiencies identified as a result of the prior data breaches;

(i) Robinhood's public-facing characterizations of its activities and public announcements concerning the Data Breach at issue in this litigation;

(j) Revenues and profits generated by Robinhood;

(k) Robinhood's motives, intent, and knowledge with respect to non-disclosures and omissions alleged in the operative Complaint;

(l) Documents about the Named Plaintiffs; and

(m) The formation of Robinhood and all documents related to that.

Although Defendants contend that discovery should be stayed pending their motion to dismiss, "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

discovery when a potentially dispositive motion is pending." *Onn v. Carnival Corp.*, 2021 WL 1267264, at *1 (N.D. Cal. Apr. 6, 2021). "Under Ninth Circuit law, a party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." Id. "Courts in this district have applied a two-prong test to determine whether discovery should be stayed pending resolution of a dispositive motion." *Id*.

"First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id*. (internal quotations and citations omitted). "Second, the court must determine whether the pending motion can be decided absent additional discovery." *Id*. (internal quotations and citations omitted). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id*. (internal quotations and citations omitted). "In applying this two-factor test, the court must take a preliminary peek at the merits of the pending motion to assess whether a stay is warranted." *Id*. (internal quotations and citations omitted). Defendant cannot meet this burden.

Preliminarily, as shown by Plaintiffs' opposition to the motion to dismiss (filed on July 29), it is unlikely that Defendants' motion will dispose of this case in its entirety. And, even if the Court were to determine at this stage that Plaintiffs' allegations are insufficient, courts routinely grant leave to amend. *See, e.g.*, *Joslin v. Clif Bar & Co.*, 2019 WL 5290632, at *9 (N.D. Cal. Aug. 26, 2019). Therefore, Defendants' motion would not be dispositive. *See Singh v. Google, Inc.*, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016) ("Thus, even if Defendant were correct that Plaintiff's claims must be dismissed as alleged, the Court would consider whether leave to amend should be granted, rendering Google's motion not dispositive."); *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Res. Dev. Servs., Inc.*, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010) (same).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

And, while this "Court can decide the motion to dismiss without discovery," the potential for amended pleadings exists and courts in this District have held that plaintiffs may use discovery to bolster their claims in those amended pleadings. *See San Francisco Tech v. Kraco Enterprises LLC*, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011) ("discovery would not be wasted even if the Motion to Dismiss is granted since [Plaintiffs] could utilize the discovery responses to prepare an amended pleading."). Accordingly, Plaintiffs oppose Defendants' request to stay discovery.

**Defendants' Position:**

Defendants propose to stay all discovery until Defendants' Motion to Dismiss (and any subsequent motion(s) to dismiss if Plaintiffs are given an opportunity to further amend the complaint) has been resolved, and are prepared to file a motion to stay discovery if the Court directs. While Defendants understand that stays of discovery are not routinely granted, this case presents unique threshold questions as to whether any, much less all, of the twenty-five named plaintiffs has any cognizable injury giving any of them Article III standing. Defendants respectfully submit that the Court's ruling on the motion to dismiss will inform, if not decide, the scope of this case, including with respect to which named plaintiffs remain parties to it, and what ultimate questions—e.g., the type of PII disclosed—might be at issue in the litigation. Defendants believe a stay of discovery is warranted pending resolution of the threshold legal determinations that will be before the Court in about two months, including whether all or at least part of Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction and/or failure to state a claim.

If discovery is not fully stayed, Defendants propose to focus initial discovery on certain issues that could potentially resolve the named plaintiffs' claims with a summary judgment motion. Other courts within this district have adopted phased discovery schedules in class

actions where potentially dispositive issues can be tackled without forcing the parties to engage in burdensome and costly discovery.  *See, e.g.*, Judge Chhabria's Civil Standing Order (requiring the parties to consider "whether they prefer to litigate cross-motions for summary judgment on liability with request to the named plaintiffs before litigating the issue of class certification" because "[t]he Court is of the view that this approach will often save a great deal of time and money"); Civil Minute Order, *In re Coca-Cola Prods. Mktg. & Sales Practices Litig.*, No. 4:14-md-2555 (N.D. Cal. July 10, 2015), ECF No. 69 (White, J.) (setting initial phase of discovery for summary judgment motion in false advertising suit into whether the named plaintiffs relied on the alleged false advertisements).  Accordingly, if discovery is not stayed, Defendants propose limited discovery as to the named plaintiffs' claims while the Motion to Dismiss (and any subsequent motions to dismiss if Plaintiffs are given an opportunity to further amend the consolidated complaint) is pending.  At this initial phase, Defendants anticipate propounding discovery on the following non-exhaustive list of topics:  (i) each named plaintiff's alleged loss, expenses, or injuries allegedly caused by the data security incident, (ii) the causation of such loss, expenses, or injuries, (iii) each named plaintiff's reliance, if any, on Defendants' alleged statements about their data security.  Defendants would in turn respond to Plaintiffs' discovery requests limited to each named plaintiff's claims of current or future injury, subject to a Court-imposed limitation on the number of discovery requests that may be served by one side on the other side.  As to Plaintiffs' proposed scope of anticipated discovery, Defendants do not believe that discovery should be as broad as Plaintiffs anticipate and reserve all rights.

   **vi. Rule 26(f)(3)(C): Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

   At this stage, the parties do not anticipate any issues relating to discovery of ESI.

They agree to meet and confer regarding any such issues in the event they arise and to ensure that production of such documents occurs in a practical manner that minimizes the burden and expense to the parties in accordance with the parties' protocol on ESI.

**vii. Rule 26(f)(3)(D): Any issues relating to claims of privilege or of protection as to trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order.**

At this stage, the parties do not anticipate any issues relating to claims of privilege or protection as to trial preparation material. The parties agree to meet and confer regarding the appropriate scope, content, and form for the privilege log. The parties will comply with Fed. R. Civ. P. 26(b)(5) with regard to inadvertent disclosures.

**viii. Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

As stated above, the parties disagree as to the number of discovery requests each party is allowed to serve on another party.  At this stage, the parties do not anticipate other changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, or any other limitations.

**C. Discovery And Class Certification Schedule**

*See infra* Section 17, Scheduling.

**IX.    CLASS ACTIONS**

The parties have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiffs:** Plaintiffs contend that this action is maintainable as a class action under Federal Civil Procedure Rule 23(a), (b)(2), and (b)(3).

Plaintiffs propose the following schedule for the class certification motion:

(1) Plaintiffs will file their motion for class certification nine (9) months after Defendants file an Answer;

(2) Defendants will file its opposition to class certification approximately ten (10) months after Defendants file an Answer;

(3) Plaintiffs will file their reply in support of class certification approximately eleven (11) months after Defendants file an Answer.

This proposal assumes that discovery commences promptly. If the Court stays discovery, Plaintiffs may ask the Court to amend the above schedule.

**Defendants:**  Defendants contend that Plaintiffs cannot satisfy the class-certification prerequisites or requirements set forth in Fed. R. Civ. P. 23.

## X.    RELATED CASES

There are no related cases.

## XI.    RELIEF

**Plaintiffs:**   Plaintiffs seek monetary, injunctive, and declaratory relief, as well as attorney's fees, costs, and expenses. Plaintiffs intend to use damage experts to determine the amount of relief.

**Defendants:**  Plaintiffs are entitled to no relief because they lack Article III standing and their claims fail on multiple grounds for failure to state a claim.  Defendants' time to file an answer has not yet run.  Defendants will include any counterclaim in their answer if one is filed.

## XII.    SETTLEMENT AND ADR

The Parties have met and conferred in compliance with ADR Local Rule 3-5.

**Plaintiffs**:  Plaintiffs remain open to good faith settlement discussions or early resolution. Plaintiffs prefer private mediation to resolve this matter.

**Defendants**:  Defendants do not believe that ADR would be constructive at this time.  As the case progresses, Defendants are of course willing to engage in ADR with a private mediator if it would be productive.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to Magistrate jurisdiction.

## XIV.   OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or to the Judicial Panel on Multidistrict Litigation.

## XV.   NARROWING OF ISSUES

The parties do not believe any issue can be narrowed at this juncture.

## XVI.   EXPEDITED TRIAL PROCEDURE

The parties do not believe that the case can be handled under an expedited trial procedure.

## XVII.  SCHEDULING

The parties dispute when discovery should commence as well as whether the Court should at this time adopt a post-class certification, pre-trial schedule.

**Plaintiffs:**  Plaintiffs' position is that discovery should open immediately.  Plaintiffs respectfully submit that they will be in a better position to propose a pre-trial schedule after resolution of Plaintiffs' anticipated motion for class certification. The Court's decision on class certification will impact other pre-trial events, such as class notice, interlocutory appeals, and whether dispositive motions or trial will be directed at individual or class-wide claims. Therefore, Plaintiffs propose that the Court schedule a case management conference within thirty (30) days after it issues an order on Plaintiffs' anticipated motion for class certification and require the parties to meet and confer regarding the remainder of the pre-trial schedule at that time. Plaintiffs will also propose a deadline to complete court-sponsored mediation. At this time, Plaintiffs propose that the Court adopt the following schedule for class certification briefing but

defer setting dates for other pre-trial events until after the Court issues a ruling on class certification:

**Defendants:**   Defendants propose to stay all discovery until after the Court rules on Defendants' pending motion to dismiss, which will be heard on October 13, 2022, and any subsequent motion to dismiss if Plaintiffs are given an opportunity to further amend the consolidated complaint.   Defendants also propose a post-class certification, pre-trial schedule to comply with the Court's standing order that "[i]n proposing a case schedule, the parties should agree on a trial date and work backward from the date to ensure adequate time for dispositive and *Daubert* motions, class certification motions, expert discovery and other events" and that "counsel should budget no more than 18 months between the initial case management conference and trial."

| Event | Proposed Schedule |
|---|---|
| Exchange of Initial Disclosures | **Plaintiffs:** 21 days after this Initial Case Management Conference. **Defendants:**   Defendants propose to stay all discovery, including the exchange of initial disclosure, until 21 days after a decision on Defendants' pending Motion to Dismiss; and if there is no stay, Defendants agree to Plaintiffs' proposal. |
| Deadline to file a motion to amend the pleadings or add parties | **Plaintiffs:** Ninety (90) days after Defendants' Answer. |

| Event | Proposed Schedule |
|---|---|
|  | **Defendants:**  December 30, 2022; alternatively, if the Court decides the schedule should be keyed to Defendants' Answer and related deadlines, then Defendants agree to Plaintiffs' proposed schedule. |
| Deadline for Defendants to file a single dispositive motion as to all named plaintiffs' claims | **Plaintiffs:** Plaintiffs have no objection to dispositive motions for named plaintiffs on the schedule proposed below, but only 1 such motion should be permitted regarding all Plaintiffs, rather than individual motions for each Plaintiff.<br><br>**Defendants:**  March 3, 2023; alternatively, if the Court decides the schedule should be keyed to Defendants' Answer and related deadlines, then Defendants propose this deadline to be sixty (60) days after Plaintiffs file their motion to amend the pleadings or add parties. |
| Deadline for opposition to dispositive motions as to named plaintiffs' claims | **Defendants:**  April 7, 2023; alternatively, if the Court decides the schedule should be keyed to |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Event | Proposed Schedule |
| --- | --- |
| | Defendants' Answer and related deadlines, then Defendants propose this deadline to be thirty (30) days after Defendants file their dispositive motion as to all named plaintiffs. |
| Deadline for reply in support of dispositive motions as to named plaintiffs' claims | **Defendants:**  April 28, 2023; alternatively, if the Court decides the schedule should be keyed to Defendants' Answer and related deadlines, then Defendants propose this deadline to be twenty-one (21) days after Plaintiffs file their opposition to Defendants' dispositive motion as to all named plaintiffs. |
| Deadline for Plaintiffs to File Motion for Class Certification and expert disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(2) relating to class certification | **Plaintiffs:**  Nine (9) months after Defendants' Answer.<br>**Defendants:**  May 26, 2023; alternatively, if the Court decides this schedule should be keyed to Defendants' Answer and related deadlines, Defendants agree to Plaintiffs' proposal. |
| Deadline for Opposition to Motion for Class Certification and disclosures of | **Plaintiffs:**  Ten (10) months after Defendants' Answer. |

| Event | Proposed Schedule |
|---|---|
| rebuttal expert witnesses and reports relating to class certification | **Defendants:** June 16, 2023; alternatively, if the Court decides this schedule should be keyed to Defendants' Answer and related deadlines, Defendants agree to Plaintiffs' proposal. |
| Deadline for Plaintiffs to File Reply in Support of Class Certification | **Plaintiffs:** Eleven (11) months after Defendants' Answer.<br><br>**Defendants:** July 7, 2023; alternatively, if the Court decides this schedule should be keyed to Defendants' Answer and related deadlines, Defendants agree to Plaintiffs' proposal. |
| Class Certification Hearing | **Plaintiffs:** Twelve (12) months after Defendants' Answer.<br><br>**Defendants:** July 21, 2023 (Thursday), 10:00 a.m.; alternatively, if the Court decides this schedule should be keyed to Defendants' Answer and related deadlines, Defendants agree to Plaintiffs' proposal. |
| Deadline to complete non-expert discovery | **Defendants:** September 22, 2023; alternatively, if the Court decides this schedule should be |

| Event | Proposed Schedule |
|---|---|
| | keyed to Defendants' Answer and related deadlines, Defendants propose that this deadline should be sixty (60) days after the class certification hearing. |
| Deadline for Plaintiffs' expert reports related to merits issues | **Defendants:** October 20, 2023; alternatively, if the Court decides this schedule should be keyed to Defendants' Answer and related deadlines, Defendants propose that this deadline should be thirty (30) days after the close of non-expert discovery. |
| Deadline for Defendants to disclose rebuttal expert witnesses and reports related to merits issues | **Defendants:** November 17, 2023; alternatively, if the Court decides this schedule should be keyed to Defendants' Answer and related deadlines, Defendants propose that this deadline should be thirty (30) days after Plaintiffs disclose their expert reports related to merits issues. |
| Close of expert discovery | **Defendants:** December 1, 2023; alternatively, if the Court decides this schedule should be keyed |

| Event | Proposed Schedule |
|---|---|
| | to Defendants' Answer and related deadlines, Defendants propose that this deadline should be fourteen (14) days after Defendants disclose rebuttal expert witnesses and reports related to merits issues. |
| Deadline to file dispositive and *Daubert* motions | **Defendants:** December 21, 2023; alternatively, if the Court decides this schedule should be keyed to Defendants' Answer and related deadlines, Defendants propose that this deadline should be twenty-one (21) days after the close of expert discovery. |
| Deadline to file oppositions to dispositive and *Daubert* motions | **Defendants:** January 19, 2024; alternatively, if the Court decides this schedule should be keyed to Defendants' Answer and related deadlines, Defendants propose that this deadline should be thirty (30) days after the deadline to file dispositive and *Daubert* motions. |
| Deadline to file reply briefs in support of dispositive and *Daubert* motions | **Defendants:** February 16, 2024; alternatively, if the Court decides this schedule should be keyed |

| Event | Proposed Schedule |
|---|---|
| | to Defendants' Answer and related deadlines, Defendants propose that this deadline should be thirty (30) days after the deadline to file oppositions to dispositive and *Daubert* motions. |
| Final pretrial conference | **Defendants:** March 21, 2024, 1:30 pm (the first Thursday 19 days before the start of the trial date); alternatively, if the Court decides this schedule should be keyed to Defendants' Answer and related deadlines, Defendants propose that this deadline should be the first Thursday fourteen (14) days after the deadline to file reply briefs in support of dispositive and *Daubert* motions. |
| Trial[2] | **Defendants:** April 15, 2024; alternatively, if the Court decides this schedule should be keyed to Defendants' Answer and related deadlines, Defendants propose that this deadline should be |

---

[2] The three currently consolidated cases are consolidated only for pre-trial purposes.  ECF No. 30, at 1.

| Event | Proposed Schedule |
|---|---|
| | the first Monday nineteen (19) days after the final pretrial conference. |

## XVIII. TRIAL

The parties agree it is premature to determine a trial duration.

**Plaintiffs:** Plaintiffs request a jury trial. At this time, Plaintiffs believe it is premature to determine a trial duration because the outcome of Plaintiffs' anticipated motion for class certification will likely impact the timing and duration of trial. Plaintiffs believe that it is also premature to schedule a trial date or other pretrial deadlines until after a ruling on Plaintiffs' anticipated class certification motion.

**Defendants:** Defendants believe it is premature to determine a trial duration at this time because it will depend on the resolution of dispositive motions including, for example, Defendants' pending Motion to Dismiss and anticipated summary judgment motion on the named plaintiffs' claims, the resolution of Plaintiffs' anticipated class certification motion, as well as the Court's decision on whether the three currently consolidated cases will continue to be consolidated for trial purposes.

## XIX. DISCLOSURE ON NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties certify that, by the date of the Case Management Conference, each has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The parties are not aware of any other person, firm, partnership, corporation (including parent corporation) or other entity that has (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

## XX. PROFESSIONAL CONDUCT

The Parties' attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.  OTHER MATTERS

The parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: October   , 2022               Respectfully submitted,
                                      /s/ *Kevin Laukaitis*
                                      _____
                                      KEVIN LAUKAITIS

                                      *Attorneys for Plaintiffs and the Proposed Class*


Dated: October  , 2022                /s/ *Alan Schoenfeld*
                                      _____
                                      ALAN SCHOENFELD

                                      *Attorneys for Defendants*